1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12 Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX          ) MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      ) CASE NO. 3:07-cv-4742-CRB
   This document relates to           )
21                                    ) **PFIZER INC., PHARMACIA**
   EMMA-LING FRANCIS,                 ) **CORPORATION, AND G.D.**
22                                    ) **SEARLE LLC'S ANSWER TO**
              Plaintiff,             ) **COMPLAINT**
23                                    )
        vs.                          ) **JURY DEMAND ENDORSED**
24                                    ) **HEREIN**
   PFIZER, INC., PHARMACIA CORPORATION, )
25 and G.D. SEARLE LLC, (FKA G.D. SEARLE & )
   CO.),                             )
26                                    )
             Defendants.             )
27 _____ )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                              **I.**

6                                **PRELIMINARY STATEMENT**

7          The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9    generally.   Defendants may seek leave to amend this Answer when discovery reveals the

10   specific time periods in which Plaintiff was prescribed and used Celebrex®.

11                                             **II.**

12                                          **ANSWER**

13         Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14   Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15   that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain periods

16   of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

17   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18   with their approval by the FDA.   Defendants admit that, during certain periods of time,

19   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

### Response to Allegations Regarding Parties

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

2.     Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Maryland, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States, including Maryland and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

1   Celebrex® in the United States, including Maryland and California, to be prescribed by

2   healthcare providers who are by law authorized to prescribe drugs in accordance with their

3   approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the

4   Complaint.

5   5.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

7   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

8   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

9   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

10  Celebrex® in the United States to be prescribed by healthcare providers who are by law

11  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

12  that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

13  and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

14  paragraph of the Complaint.

15  6.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

17  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

18  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

19  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

20  Celebrex® in the United States to be prescribed by healthcare providers who are by law

21  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

22  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

23  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

24  adequately described in its FDA-approved prescribing information, which was at all times

25  adequate and comported with applicable standards of care and law.  Defendants deny any

26  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27  7.     Defendants state that the allegations in this paragraph of the Complaint regarding

28  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

2    the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3    **<u>Response to Allegations Regarding Jurisdiction and Venue</u>**

4    8.      Defendants are without knowledge or information to form a belief as to the truth of the

5    allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount

6    in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims

7    that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

8    interests and costs.

9    9.      Defendants are without knowledge or information to form a belief as to the truth of the

10   allegations in this paragraph of the Complaint regarding the judicial district in which the

11   asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

12   was and is safe and effective when used in accordance with its FDA-approved prescribing

13   information.  Defendants deny committing a tort in the State of Maryland or the State of

14   California and deny the remaining allegations in this paragraph of the Complaint.

15   10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16   and co-promoted Celebrex® in the United States, including Maryland and California, to be

17   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18   with their approval by the FDA.  Defendants admit that, during certain periods of time,

19   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in

23   the States of Maryland and California.  Defendants state that the allegations in this paragraph of

24   the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are

25   without knowledge or information sufficient to form a belief as to the truth of such allegations,

26   and, therefore, deny the same.  Defendants deny committing a tort in the State of Maryland or

27   the State of California and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

**Response to Allegations Regarding Interdistrict Assignment**

2    11.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is required.  To the extent that a response is deemed required, Defendants

4    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

5    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

6    Panel on Multidistrict Litigation on September 6, 2005.

7

**Response to Factual Allegations**

8    12.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

12   13.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

14   condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

15   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

16   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

17   adequately described in its FDA-approved prescribing information, which was at all times

18   adequate and comported with applicable standards of care and law.  Defendants deny that

19   Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

20   paragraph of the Complaint.

21   14.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Celebrex® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.  Defendants deny the remaining allegations in this

28   paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.    Defendants state that the allegations in this paragraph of the Complaint are not directed

towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    Plaintiff's Complaint omits Paragraph 21.

22.    Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  approved prescribing information. Defendants state that the potential effects of Celebrex®

2  were and are adequately described in its FDA-approved prescribing information, which was at

3  all times adequate and comported with applicable standards of care and law. Defendants deny

4  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

5  24.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

6  Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted

7  approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

8  osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

9  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

10  reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

11  ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

12  the remaining allegations in this paragraph of the Complaint.

13  25.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit

14  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

15  Celebrex® in the United States to be prescribed by healthcare providers who are by law

16  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

17  that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

18  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

19  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20  accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe

21  and effective when used in accordance with its FDA-approved prescribing information.

22  Defendants state that the potential effects of Celebrex® were and are adequately described in its

23  FDA-approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

25  remaining allegations in this paragraph of the Complaint.

26  26.    Defendants state that the referenced article speaks for itself and respectfully refer the

27  Court to the article for its actual language and text. Any attempt to characterize the article is

28  denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

2  this paragraph of the Complaint.

3  27.    Defendants state that the referenced article speaks for itself and respectfully refer the

4  Court to the article for its actual language and text.  Any attempt to characterize the article is

5  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

7  this paragraph of the Complaint.

8  28.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

9  the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

10  FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

11  used in accordance with its FDA-approved prescribing information.  Defendants state that the

12  potential effects of Celebrex® were and are adequately described in its FDA-approved

13  prescribing information, which was at all times adequate and comported with applicable

14  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

15  Complaint.

16  29.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

23  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

24  characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

25  2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

26  and respectfully refer the Court to the study for its actual language and text.  Any attempt to

27  characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

28  the Complaint.

31.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

33.     Defendants state that the FDA Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.     Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

37.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

38.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

50.     Plaintiff fails to provide the proper context for the allegations in this paragraph of the

Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.      Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

52.      Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.      Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

54.      Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

55.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

56.      Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

57.      Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

58.      Defendants deny the allegations in this paragraph of the Complaint.

59.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

1    remaining allegations contained in this paragraph of the Complaint.

2    60.    Defendants deny any wrongful conduct and deny the allegations contained in this

3    paragraph of the Complaint.

4    61.    Defendants deny any wrongful conduct and deny the allegations contained in this

5    paragraph of the Complaint.

6    62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

11   paragraph of the Complaint.

12   63.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15   effective when used in accordance with its FDA-approved prescribing information.  Defendants

16   state that the potential effects of Celebrex® were and are adequately described in its FDA-

17   approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

19   Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

20   the Complaint.

21   64.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

22   Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

23   November 14, 2000.  Defendants state that the referenced letters speak for themselves and

24   respectfully refer the Court to the letters for their actual language and text.  Any attempt to

25   characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

26   of the Complaint.

27   65.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

28   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-16-

1   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

2   Defendants deny the remaining allegations in this paragraph of the Complaint.

3   66.    Defendants state that the referenced article speaks for itself and respectfully refer the

4   Court to the article for its actual language and text.  Any attempt to characterize the article is

5   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6   67.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

7   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

8   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

9   Defendants deny the remaining allegations in this paragraph of the Complaint.

10   68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

15   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

16   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

17   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

18   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

19   United States to be prescribed by healthcare providers who are by law authorized to prescribe

20   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

21   allegations in this paragraph of the Complaint.

22   69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

27   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

28   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

2  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

3  United States to be prescribed by healthcare providers who are by law authorized to prescribe

4  drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

5  prescription medication which is approved by the FDA for the following indications: (1) for

6  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

7  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

8  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

9  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

10  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

11  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

12  and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

13  paragraph of the Complaint.

14  70.     Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which at all times was adequate and comported with applicable standards of care and law.

18  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

19  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

20  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

21  that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

22  71.     Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

27  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

28  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

1   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

2   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

3   United States to be prescribed by healthcare providers who are by law authorized to prescribe

4   drugs in accordance with their approval by the FDA.   Defendants deny the remaining

5   allegations in this paragraph of the Complaint.

6   72.      Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which at all times was adequate and comported with applicable standards of care and law.

10  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

11  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

12  law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants

13  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

14  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

15  United States to be prescribed by healthcare providers who are by law authorized to prescribe

16  drugs in accordance with their approval by the FDA.   Defendants deny the remaining

17  allegations in this paragraph of the Complaint.

18  73.      Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  74.      Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    the Complaint.

2    75.    Defendants deny the allegations in this paragraph of the Complaint.

3    76.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    77.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14   the Complaint.

15   78.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17   Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

18   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

19   paragraph of the Complaint.

20   79.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

25   remaining allegations in this paragraph of the Complaint.

26   80.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® are and were adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  81.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Celebrex® are and were adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

9  the study for its actual language and text.  Any attempt to characterize the study is denied.

10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11  the Complaint.

12  82.    Defendants deny any wrongful conduct and deny the remaining allegations in this

13  paragraph of the Complaint.

14  83.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Celebrex® are and were adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

21  remaining allegations in this paragraph of the Complaint.

22  **Response to First Cause of Action: Negligence**

23  84.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

24  Complaint as if fully set forth herein.

25  85.    Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required.  To the extent that a response is deemed required, Defendants

27  admit that they had duties as are imposed by law but deny having breached such duties.

28  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    FDA-approved prescribing information.    Defendants state that the potential effects of

2    Celebrex® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    86.      Defendants state that this paragraph of the Complaint contains legal contentions to

7    which no response is required.    To the extent that a response is deemed required, Defendants

8    admit that they had duties as are imposed by law but deny having breached such duties.

9    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

10    FDA-approved prescribing information.    Defendants state that the potential effects of

11    Celebrex® were and are adequately described in its FDA-approved prescribing information,

12    which was at all times adequate and comported with applicable standards of care and law.

13    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14    the Complaint.

15    87.      Defendants are without knowledge or information sufficient to form a belief as to the

16    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17    Celebrex®, and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and

18    effective when used in accordance with its FDA-approved prescribing information.    Defendants

19    state that the potential effects of Celebrex® were and are adequately described in its FDA-

20    approved prescribing information, which was at all times adequate and comported with

21    applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

22    remaining allegations in this paragraph of the Complaint, including all subparts.

23    88.      Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25    Celebrex®, and, therefore, deny the same.    Defendants state that Celebrex® was and is safe and

26    effective when used in accordance with its FDA-approved prescribing information.    Defendants

27    state that the potential effects of Celebrex® were and are adequately described in its FDA-

28    approved prescribing information, which was at all times adequate and comported with

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    89.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    90.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12   effective when used in accordance with its FDA-approved prescribing information.  Defendants

13   state that the potential effects of Celebrex® were and are adequately described in its FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

16   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

17   paragraph of the Complaint.

18   91.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

20   conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

21   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

22   the remaining allegations in this paragraph of the Complaint.

23   92.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25   93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

26   damage, and deny the remaining allegations in this paragraph of the Complaint.

27               **Response to Second Cause of Action: Strict Liability**

28   94.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Complaint as if fully set forth herein.

2   95.     Defendants are without knowledge or information sufficient to form a belief as to the

3   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4   Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

5   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

6   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

7   with their approval by the FDA.  Defendants admit that, during certain periods of time,

8   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

9   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

10  providers who are by law authorized to prescribe drugs in accordance with their approval by the

11  FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

12  consumers without substantial change from the time of sale.  Defendants deny the remaining

13  allegations in this paragraph of the Complaint.

14  96.     Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  97.     Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

24  remaining allegations in this paragraph of the Complaint.

25  98.     Defendants state that Celebrex® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

1    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

2    remaining allegations in this paragraph of the Complaint, including all subparts..

3    99.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

10   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

11   remaining allegations in this paragraph of the Complaint.

12   100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

17   remaining allegations in this paragraph of the Complaint.

18   101.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

25   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

26   remaining allegations in this paragraph of the Complaint.

27   102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    107.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    **Response to Third Cause of Action: Breach of Express Warranty**

7    109.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

8    Complaint as if fully set forth herein.

9    110.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12    effective when used in accordance with its FDA-approved prescribing information.  Defendants

13    state that the potential effects of Celebrex® were and are adequately described in its FDA-

14    approved prescribing information, which was at all times adequate and comported with

15    applicable standards of care and law.  Defendants admit that they provided FDA-approved

16    prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

17    this paragraph of the Complaint.

18    111.    Defendants are without knowledge or information sufficient to form a belief as to the

19    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21    effective when used in accordance with its FDA-approved prescribing information.  Defendants

22    state that the potential effects of Celebrex® were and are adequately described in its FDA-

23    approved prescribing information, which was at all times adequate and comported with

24    applicable standards of care and law.  Defendants admit that they provided FDA-approved

25    prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

26    deny the remaining allegations in this paragraph of the Complaint, including all subparts.

27    112.    Defendants admit that they provided FDA-approved prescribing information regarding

28    Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   paragraph of the Complaint.

2   113.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Celebrex® were and are adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7   the Complaint.

8   114.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  115.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants admit that they provided FDA-approved prescribing information regarding

20  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  116.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25  118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

26  damage, and deny the remaining allegations in this paragraph of the Complaint.

27              **Response to Fourth Cause of Action: Breach of Implied Warranty**

28  119.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Complaint as if fully set forth herein.

120.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

121.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

122.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

123.   Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

131.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

132.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the Complaint, including all subparts.

2    134.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    135.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   state that the potential effects of Celebrex® were and are adequately described in its FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

15   Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

16   paragraph of the Complaint, including all subparts.

17   136.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   137.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

26   effective when used in accordance with its FDA-approved prescribing information.  Defendants

27   state that the potential effects of Celebrex® were and are adequately described in its FDA-

28   approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2  remaining allegations in this paragraph of the Complaint.

3  138.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6  effective when used in accordance with its FDA-approved prescribing information.  Defendants

7  state that the potential effects of Celebrex® were and are adequately described in its FDA-

8  approved prescribing information, which was at all times adequate and comported with

9  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10  remaining allegations in this paragraph of the Complaint.

11  139.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14  effective when used in accordance with its FDA-approved prescribing information.  Defendants

15  state that the potential effects of Celebrex® were and are adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18  remaining allegations in this paragraph of the Complaint.

19  140.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Celebrex® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26  remaining allegations in this paragraph of the Complaint.

27  141.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information. Defendants

3   state that the potential effects of Celebrex® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

6   remaining allegations in this paragraph of the Complaint.

7   142.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9   Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

10  effective when used in accordance with its FDA-approved prescribing information. Defendants

11  state that the potential effects of Celebrex® were and are adequately described in its FDA-

12  approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

14  remaining allegations in this paragraph of the Complaint.

15  143.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

16  damage, and deny the remaining allegations in this paragraph of the Complaint.

17  144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

18  damage, and deny the remaining allegations in this paragraph of the Complaint.

19  145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

20  damage, and deny the remaining allegations in this paragraph of the Complaint.

21          **Response to Sixth Cause of Action: Unjust Enrichment**

22  146.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

23  Complaint as if fully set forth herein.

24  147.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

26  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

27  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

28  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

-34-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Celebrex® in the United States to be prescribed by healthcare providers who are by law

2  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

3  the remaining allegations in this paragraph of the Complaint.

4  148.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

7  paragraph of the Complaint.

8  149.    Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

11  paragraph of the Complaint.

12  150.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19  remaining allegations in this paragraph of the Complaint.

20  151.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27  remaining allegations in this paragraph of the Complaint.

28  152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action:

### State Consumer Fraud and Deceptive Trade Practices Act

153.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

154.   Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

155.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

156.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

157.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

158.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action: State Suppliers Liability Statute**

165.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

166.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.   Defendants deny the remaining allegations in this paragraph of the Complaint.

167.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

168.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

169.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

2   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

3   remaining allegations in this paragraph of the Complaint.

4   170.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

9   remaining allegations in this paragraph of the Complaint.

10  171.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Celebrex® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

18  remaining allegations in this paragraph of the Complaint.

19  172.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24  the Complaint.

25  173.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4  remaining allegations in this paragraph of the Complaint.

5  174.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10  the Complaint.

11  175.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14  effective when used in accordance with its FDA-approved prescribing information.  Defendants

15  state that the potential effects of Celebrex® were and are adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18  remaining allegations in this paragraph of the Complaint.

19  176.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

20  damage, and deny the remaining allegations in this paragraph of the Complaint.

21  177.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  178.    Defendants state that this paragraph of the Complaint contains legal contentions to

24  which no response is required.  To the extent that a response is deemed required, Defendants

25  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

26  the remaining allegations in this paragraph of the Complaint.

27  179.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

2    knowledge at the time the drug was manufactured, marketed and distributed.

3    **Fifth Defense**

4    5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

5    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

6    **Sixth Defense**

7    6.    Plaintiff's action is barred by the statute of repose.

8    **Seventh Defense**

9    7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

10   negligent, actively negligent or otherwise failed to mitigate his damages, and any recovery by

11   Plaintiff should be diminished accordingly.

12   **Eighth Defense**

13   8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

14   omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

15   part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

16   liable in any way.

17   **Ninth Defense**

18   9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

19   intervening causes for which Defendants cannot be liable.

20   **Tenth Defense**

21   10.    Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were

22   proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

23   of God.

24   **Eleventh Defense**

25   11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

26   **Twelfth Defense**

27   12.    A manufacturer has no duty to warn patients or the general public of any risk,

28   contraindication, or adverse effect associated with the use of a prescription medical product.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Rather, the law requires that all such warnings and appropriate information be given to the

2  prescribing physician and the medical profession, which act as a "learned intermediary" in

3  determining the use of the product.  Celebrex® is a prescription medical product, available only

4  on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

5  treating and prescribing physicians.

6  **Thirteenth Defense**

7  13.    The product at issue was not in a defective condition or unreasonably dangerous at the

8  time it left the control of the manufacturer or seller.

9  **Fourteenth Defense**

10  14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

11  for its intended use and the warnings and instructions accompanying Celebrex® at the time of

12  the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

13  **Fifteenth Defense**

14  15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

15  Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable

16  standard of care.

17  **Sixteenth Defense**

18  16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of

19  the product Celebrex® after the product left the control of Defendants and any liability of

20  Defendants is therefore barred.

21  **Seventeenth Defense**

22  17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

23  Defendants.

24  **Eighteenth Defense**

25  18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

26  conditions unrelated to Celebrex®.

27  **Nineteenth Defense**

28  19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore,

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the doctrine of assumption of the risk bars or diminishes any recovery.

2    **Twentieth Defense**

3    20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

4    preempted in accordance with the Supremacy Clause of the United States Constitution and by

5    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

6    **Twenty-first Defense**

7    21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

8    the subject pharmaceutical product at issue was subject to and received pre-market approval by

9    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

10    **Twenty-second Defense**

11    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

12    Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

13    and Plaintiff's causes of action are preempted.

14    **Twenty-third Defense**

15    23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

16    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

17    issue under applicable federal laws, regulations, and rules.

18    **Twenty-fourth Defense**

19    24.    Plaintiff's claims are barred in whole or in part because there is no private right of

20    action concerning matters regulated by the Food and Drug Administration under applicable

21    federal laws, regulations, and rules.

22    **Twenty-fifth Defense**

23    25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

24    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

25    of Comment j to Section 402A of the Restatement (Second) of Torts.

26    **Twenty-sixth Defense**

27    26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

28    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-44-

1    Restatement (Second) of Torts § 402A, Comment k.

2    **Twenty-seventh Defense**

3    27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

4    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

5    to § 6 of the Restatement (Third) of Torts: Products Liability.

6    **Twenty-eighth Defense**

7    28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

8    Products Liability.

9    **Twenty-ninth Defense**

10    29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts

11    sufficient under the law to justify an award of punitive damages.

12    **Thirtieth Defense**

13    30.    Defendants affirmatively aver that the imposition of punitive damages in this case

14    would violate Defendants' rights to procedural due process under both the Fourteenth

15    Amendment of the United States Constitution and the Constitutions of the States of Maryland

16    and California, and would additionally violate Defendants' rights to substantive due process

17    under the Fourteenth Amendment of the United States Constitution.

18    **Thirty-first Defense**

19    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

20    Fourteenth Amendments to the United States Constitution.

21    **Thirty-second Defense**

22    32.    The imposition of punitive damages in this case would violate the First Amendment to

23    the United States Constitution.

24    **Thirty-third Defense**

25    33.    Plaintiff's punitive damage claims are preempted by federal law.

26    **Thirty-fourth Defense**

27    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

28    representation, this action is barred as there was no reliance upon representations, if any, of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-45-

Defendants.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Maryland and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-third Defense**

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiff's damages, if any, are barred or limited by the payments received from

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  collateral sources.

2  **Fifty-first Defense**

3  51.    Defendants' liability, if any, can only be determined after the percentages of

4  responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

5  any, are determined.    Defendants seek an adjudication of the percentage of fault of the

6  claimants and each and every other person whose fault could have contributed to the alleged

7  injuries and damages, if any, of Plaintiff.

8  **Fifty-second Defense**

9  52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

10  common law gives deference to discretionary actions by the United States Food and Drug

11  Administration under the Federal Food, Drug, and Cosmetic Act.

12  **Fifty-third Defense**

13  53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

14  is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

15  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

16  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

17  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

18  and with the specific determinations by FDA specifying the language that should be used in the

19  labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the

20  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

21  United States.

22  **Fifty-fourth Defense**

23  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

24  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

25  **Fifty-fifth Defense**

26  55.    Defendants state on information and belief that the Complaint and each purported cause

27  of action contained therein is barred by the statutes of limitations contained in California Code

28  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    January 4, 2008                                    GORDON & REES LLP

2

3                                                       By: _____/s/_____

4                                                          Stuart M. Gordon
                                                           sgordon@gordonrees.com
5                                                          Embarcadero Center West
                                                           275 Battery Street, 20th Floor
6                                                          San Francisco, CA 94111
                                                           Telephone: (415) 986-5900
7                                                          Fax: (415) 986-8054

8
     January 4, 2008                                    TUCKER ELLIS & WEST LLP
9

10

11                                                      By: _____/s/_____

12                                                         Michael C. Zellers
                                                           michael.zellers@tuckerellis.com
13                                                         515 South Flower Street, Suite 4200
                                                           Los Angeles, CA 90071
14                                                         Telephone: (213) 430-3400
                                                           Fax: (213) 430-3409

15                                                         Attorneys for Defendants
16                                                         PFIZER INC, PHARMACIA
                                                           CORPORATION, and G.D. SEARLE
17                                                         LLC

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  January 4, 2008                              GORDON & REES LLP

6

7                                              By: _____/s/_____

8                                              Stuart M. Gordon
                                               sgordon@gordonrees.com
9                                              Embarcadero Center West
                                               275 Battery Street, 20th Floor
10                                             San Francisco, CA 94111
                                               Telephone: (415) 986-5900
11                                             Fax: (415) 986-8054

12

13 January 4, 2008                             TUCKER ELLIS & WEST LLP

14

15                                             By: _____/s/_____

16                                             Michael C. Zellers
                                               michael.zellers@tuckerellis.com
17                                             515 South Flower Street, Suite 4200
                                               Los Angeles, CA 90071
                                               Telephone: (213) 430-3400
18                                             Fax: (213) 430-3409

19                                             Attorneys for Defendants
                                               PFIZER INC, PHARMACIA
20                                             CORPORATION, and G.D. SEARLE
                                               LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111